# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>            Debtor. | Chapter 7<br>Case No. 21-11269 (JKS)<br>BK. BAP No. 23-27 |
| Chris Kosachuk,<br><br>            Appellant,<br><br>v.<br><br>Selective Advisors Group LLC and 9197-5904 Quebec, Inc.,<br><br>            Appellees. | C.A. No. 23-540 (JLH) |

## ANSWERING APPEAL BRIEF OF SELECTIVE ADVISORS GROUP LLC, AND 9197-5904 QUEBEC, INC.

**KLEIN LLC**
Julia B. Klein (DE 5198)
225 W 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

*Counsel to Selective Advisors Group LLC, and 9197-5904 Quebec, Inc.*

Date: May 2, 2024
      Wilmington, Delaware

i

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................1
COUNTER STATEMENT OF ISSUE ON APPEAL ..............................................1

STANDARD OF REVIEW..........................................................................................2

   STATEMENT OF FACTS AND THE PROCEEDINGS BELOW ......................3

ARGUMENT ...............................................................................................................9

  I.   THE BANKRUPTCY COURT DID NOT ERR IN DENYING APPELLANT'S MOTION TO CONVERT ..........................................................9

  A)  The Bankruptcy Court Correctly Found that Appellant Lacked Standing to Seek Conversion under Section 706(a) of the Bankruptcy Court..........................9

  B)  The Bankruptcy Court Correctly Found that Appellant Failed to Meet the Standard for Conversion ......................................................................................9

  II.  APPELLANT FAILED TO RAISE ANY GROUNDS FOR THE BANKRUPTCY COURT TO RECONSIDER ITS DENIAL OF THE CONVERSION MOTION AND THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DENYING IT ...................................................12

  III.  THE BANKRUPTCY COURT DID NOT ERR IN NOT DISMISSING THE BANKRUPTCY CASE .................................................................................13

CONCLUSION .........................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Brown v. Certain Underwriters at Lloyds*, 777 F. App'x 34 (3d Cir. 2019)...........13

*CellNet Data Sys., Inc.* (*In re CellNet Data Sys., Inc.*), 327 F.3d 242 (3d Cir. 2003) ...............................................................................................................................2

*Emerald Capital Advisors v. Victory Park Capital Advisors, LLC* (*In re KII Liquidating, Inc.*), 607 B.R. 398 (D. Del. 2019)....................................................2

*In re Cont'l Airlines*, 150 B.R. 334 (D. Del. 1993) .................................................2

*In re GVS Portfolio I B, LLC*, No. 21-10690 (CSS), 2021 Bankr. LEXIS 1513 (Bankr. D. Del. June 4, 2021) ...............................................................................10

*In re Madera*, No. 07-17296 (DWS), 2008 Bankr. LEXIS 324 (Bankr. E.D. Pa. Feb. 7, 2008) .........................................................................................................10

*In re PEM Thistle Landing TIC 23, LLC*, No. 13-13273(KG), 2014 Bankr. LEXIS 1361 (Bankr. D. Del. Apr. 2, 2014) ......................................................................10

*In re S. Canaan Cellular Invs., Inc.*, No. 09-10473, 2009 Bankr. LEXIS 2967 (Bankr. E.D. Pa. May 19, 2009) ...........................................................................10

*Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) .....................................10

*Primestone Inv. Partners v. Vornado PS, L.L.C.* (*In re Primestone Inv. Partners L.P.*), 272 B.R. 554 (D. Del. 2002) ......................................................................11

*Schlumberger Res. Mgmt. Servs., Inc. v. CellNet Data Sys., Inc.* (*In re CellNet Data Sys., Inc.*), 327 F.3d 242 (3d Cir. 2003)........................................................2

**Statutes**

11 U.S.C. § 1112(b)..................................................................................................9

11 U.S.C. § 706(a).....................................................................................4, 9, 10, 12

11 U.S.C. § 706(b) ............................................................................................................. 11

11 U.S.C. § 706(d) ....................................................................................................... 7, 9, 10

**Rules**

Bankruptcy Rule 5009 ......................................................................................................... 8

Fed. R. App. P. 26.1 ............................................................................................................ 1

Fed. R. App. P. 28(a)(1) ...................................................................................................... 1

Fed. R. Bankr. P. 8012 ........................................................................................................ 1

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Bankr. P. 8012 and Fed. R. App. P. 26.1 and 28(a)(1), 9197-5904 Quebec, Inc., states:

1. It is a private non-governmental party. 9197-5904 Quebec, Inc., does not have a parent company.

2. No publicly held company owns 10% or more of 9197-5904 Quebec, Inc.

Selective Advisors Group, LLC states that it is not a corporate party.

## COUNTER STATEMENT OF ISSUE ON APPEAL

1. Whether the Bankruptcy Court erred in denying Appellant's motion to convert the underlying Bankruptcy Case to a case under chapter 11 of the United States Bankruptcy Code.[1]

2. Whether the Bankruptcy Court should have dismissed the Bankruptcy Case.

3. Whether the Bankruptcy Court abused its discretion in denying the Motion for Reconsideration.

---

[1] Appellee Alfred T. Giuliano, Chapter 7 Trustee for the estate of NLG, LLC, has refused to appear in this appeal even though he clearly is identified as an appellant in the Notice of Appeal [D.I. 1]. Appellant failed to designate Selective Advisors Group LLC, and 9197-5904 Quebec, Inc., as additional appellees. Because both are named parties in the second order appealed from, Selective Advisors Group LLC, and 9197-5904 Quebec, Inc., joined this appeal.

## **STANDARD OF REVIEW**

The Bankruptcy Court's conclusions of law are subject to plenary review. *Schlumberger Res. Mgmt. Servs., Inc. v. CellNet Data Sys., Inc.* (*In re CellNet Data Sys., Inc.*), 327 F.3d 242, 244 (3d Cir. 2003); *also see In re Cont'l Airlines*, 150 B.R. 334, 336 (D. Del. 1993) ("Legal conclusions of the bankruptcy court are subject to plenary review by the district court and are considered *de novo* on appeal.").

Findings of fact will be reversed when they are found to be clearly erroneous. *Id.*; *see Emerald Capital Advisors v. Victory Park Capital Advisors, LLC* (*In re KII Liquidating, Inc.*), 607 B.R. 398, 404 (D. Del. 2019) (appellate court reviews "findings of fact for clear error"). Mixed questions of law and fact are reviewed under a "mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." *CellNet Data Sys.*, 327 F.3d at 244 (internal citation omitted).

A denial of a motion for reconsideration is reviewed for abuse of discretion, *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999), unless the denial is based on legal issues, in which case it is subject to de novo review. *Id.*; *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 186 (3d Cir. 2021)

## STATEMENT OF FACTS AND THE PROCEEDINGS BELOW[2]

On September 24, 2021, the underlying bankruptcy case resulted from Appellant, styling himself a creditor of NLG, LLC (the "Debtor") filing an involuntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against the Debtor. Bankr. D.I. 1. SELECTIVE(540)000001-3.

On November 8, 2021, Appellant, purportedly together with another creditor of the Debtor (but without that creditor's knowledge), brought an adversary proceeding against Selective Advisors Group LLC, and 9197-5904 Quebec, Inc. (together, the "Answering Appellees"). Bankr. D.I. 5 (the "First Adversary Proceeding").

On January 7, 2022, the Bankruptcy Court entered an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor. Bankr. D.I. 10. SELECTIVE(540)000005.

---

[2] In his opening brief in the instant appeal, Appellant incorporates the facts set forth in his opening briefs in the companion appeals, Case Nos. 23-541 (JLH) and 23-542 (JLH). Opening Brief ("OB") at page 8 of 11 ("Appellant's Briefs in those appeals is [*sic*] hereby adopted and incorporated by reference as if fully re-written herein. This brief is limited to the Motion to Convert."). (Because the OB lacks page numbers, references herein to the OB will be to the filing banner at the top of each page of the OB.) However, none of the facts in the companion briefs appear related to, nor do they address, the Motion to Convert, nor do they appear to have any bearing on the criteria for converting a bankruptcy case or the Bankruptcy Court's analysis concluding that a denial of the request to convert was appropriate.

3

On January 22, 2022, Alfred T. Giuliano was appointed as Chapter 7 Trustee of the Debtor's estate. Bankr. D.I. 12; SELECTIVE(540)000006.

On January 27, 2022, this Court referred a case that the Debtor, by Appellant, had brought against Selective Advisors Group LLC to the Bankruptcy Court, resulting in the "Second Adversary Proceeding." Bankr. D.I. 21. That case originally had been brought in the United States District Court for the Southern District of Florida, Miami County, but, at the behest of Appellant, was transferred to this venue.

On March 22, 2022, the Trustee stipulated to dismiss the First Adversary Proceeding without prejudice.

By virtue of his appointment, the Trustee succeeded the Debtor as plaintiff in the Second Adversary Proceeding. The Trustee sought to put the Second Adversary Proceeding on hold to permit him time to investigate the Debtors assets and liabilities and assess the disputes between Appellant and Answering Appellees. By order dated May 18, 2022, the Bankruptcy Court ordered the Second Adversary Proceeding to be held in abeyance. Bankr. D.I. 61.

On April 16, 2022, Appellant filed the Motion to Convert the Bankruptcy Case from one under chapter 7 to one under chapter 11 of the Bankruptcy Code under Bankruptcy Code section 706(a). Bankr. D.I. 71. SELECTIVE(540)000031 *et seq*. Appellees opposed the Motion.

The abeyance period was, over Appellant's objection, extended by order dated September 14, 2022. Bankr. D.I. 80.

This prompted Appellant to commence another ancillary proceeding against Selective Advisors Group LLC, and 9197-5904 Quebec, Inc., resulting in the "<u>Third Adversary Proceeding</u>" on September 26, 2022. Bankr. D.I. 81.

On December 19, 2022, the Trustee determined the Bankruptcy Case to be a No Asset case. Bankr. D.I. 120. SELECTIVE(540)000030. This determination was memorialized on the docket as follows:

> Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 15 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 0.00. Filed by Alfred T. Giuliano. (Giuliano, Alfred) (Entered: 12/19/2022)

Bankr. D.I. 122. "No response or opposition was filed to the Trustee"s Final Report." SELECTIVE(540)000047.

By memorandum opinion and order dated February 16, 2023, the Bankruptcy Court denied the Motion to Convert. Bankr. D.I. 143-4. SELECTIVE(540)000045 *et seq*.

The same day, the Second Adversary Proceeding was dismissed, and the Third Adversary Proceeding was dismissed for lack of subject matter jurisdiction.

On March 2, 2023, Appellant filed the Motion for Rehearing, Reconsideration and Relief from Opinion and Order Denying Motion to Convert (the "Rehearing Motion").[3]  Bankr. D.I. 157.

Appellants opposed the Rehearing Motion. Bankr. D.I. 161. SELECTIVE(540)000069 *et seq*.

On May 3, 2023, the Bankruptcy Denied the Rehearing Motion. Bankr. D.I. 165. SELECTIVE(540)000094.

On May 18, 2023, Appellant timely filed three appeals, including the captioned one. The appeals all were from two orders. The first order (for purposes of the instant appeal hereinafter referred to as the "Conversion Order"): (a) denied Appellant's Motion to Convert; (b) dismissed the Third Adversary Proceeding for

---

[3]  The Rehearing Motion does not appear in Appellant's Appendix. It is attached to the Appendix attached to this brief.

6

lack of subject matter jurisdiction or, in the alternative, based on permissive abstention; and (c) dismissed the Second Adversary Proceeding. The second order (the "Order Denying Motion to Reconsider"), identical to all appeals, denied Appellant's motions for rehearing, reconsideration, and other relief, challenging rulings contained in the Conversion Order.

The Conversion Order, after a thorough consideration of laws and facts presented in pleadings and at oral argument and reciting and relying on relevant facts and legal precedent, found that "Kosachuk ha[d] failed to carry his evidentiary burden of proving entitlement to conversion under chapter 11." Conversion Order at 10. The Court's decision based on the record before it, determined, among other things:

> The Debtor has no assets. The estate is administratively insolvent. The Debtor does not have the financial ability to fund a chapter 11 case or a plan process. The Debtor does not have any assets to distribute to creditors under a plan. The Debtor cannot be rehabilitated. As a result, this Court finds that it is unlikely the Debtor can confirm or consummate a feasible chapter 11 plan. Consequently, under section 706(d), the Debtor does not qualify as a chapter 11 debtor and the case cannot be converted to a case under chapter 11.

*Id*. at 11-2; SELECTIVE(540)000055. And further:

> After fifteen months in chapter 7 and due inquiry, having discovered no assets for distribution, the Trustee, an independent fiduciary, declared this chapter 7 case a "no asset' case. The Trustee's Final Report states there is no

7

> property available from the estate to distribute to creditors - this report was not contested. Under Bankruptcy Rule 5009 there is a presumption that the estate is fully administered.

*Id.* at 13; SELECTIVE(540)000056.

The Order Denying Motion to Reconsider found, *inter alia*, that:

> There is no change in the law meriting reconsideration. In sum, there is no basis to reconsider the Opinion and Order denying the motion to convert. Kosachuk has not shown any new evidence that was not available when the Court made its decision, or the need to correct a clear error of law or fact to prevent manifest injustice.

Order Denying Motion to Reconsider at 7; SELECTIVE(540)000086.

On November 2, 2023, Appellant filed his Opening Brief. The parties having stipulated to, and the Court having granted, multiple briefing extensions, Answering Appellees are now timely filing this response brief.

8

# ARGUMENT

## I. THE BANKRUPTCY COURT DID NOT ERR IN DENYING APPELLANT'S MOTION TO CONVERT

### A) The Bankruptcy Court Correctly Found that Appellant Lacked Standing to Seek Conversion under Section 706(a) of the Bankruptcy Court

Section 706(a) of the Bankruptcy Code, the section Appellant invoked, provides, in part, that "[t]he debtor may convert a case under this chapter to a case under chapter 11…" 11 U.S.C. § 706(a).[4] The Bankruptcy Court correctly determined that Appellant has no standing to seek conversion under section 706(a) because he was not the debtor. Conversion Order at 8-9. The Conversion Motion was correctly denied for this reason alone.

### B) The Bankruptcy Court Correctly Found that Appellant Failed to Meet the Standard for Conversion

The standard for conversion is clear. "Subsection (a) of § 706 gives a Chapter 7 debtor that is not acting in bad faith the right to convert from Chapter 7 to Chapter 11 unless (1) the case has previously been converted from Chapter 11 pursuant to 11 U.S.C. § 1112(b), or (ii) *it is ineligible to be a Chapter 11 debtor*." *In re Home Network Builders, Inc.*, No. 06-3355 (RBK), 2006 U.S. Dist. LEXIS 89541, at *7

---

[4] As is further discussed in the next section, the Bankruptcy Court also rejected Appellants contention in the Conversion Motion that he had an absolute right to conversion under section 706(a). *See* Conversion Order at 9-12 (relying on *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365,372 (2007), *Daughtrey v. Rivera* (*In re Daughtrey*), 896 F.3d 1255, 1275-76 (11th Cir. 2018); 11 U.S.C. § 706(d), 11 U.S.C § 1112(b)(4)(A), (M)).

9

(D.N.J. Nov. 22, 2006) (*emphasis* added); *also see* Motion at 9-10 (citing to *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007) for the proposition that "The statutory text and legislative history of Section 706 indicate that a Chapter 7 debtor has an absolute right to convert … to Chapter 11 … unless the bankruptcy court determines that section 706(d) prohibits the debtor from being a debtor under the chapter of the Bankruptcy Code to which the debtor seeks to convert its case.") (footnote omitted).

Otherwise put, a debtor is not eligible for conversion to chapter 11 under section 706(a) when, had it filed for chapter 11 in the first instance, such would have been a bad-faith filing. Chapter 11 routinely are dismissed as bad faith filings, i.e., debtors are found to be ineligible to be debtors under chapter 11, where the debtor has nothing to reorganize, uses bankruptcy as "a litigation tactic, a forum shopping device and/or to resolve what is essentially a two-party dispute[,]"[5] and has few unsecured creditors.[6] Here, the majority of the *Primestone* Factors are met. *Primestone Inv. Partners v. Vornado PS, L.L.C.* (*In re Primestone Inv. Partners L.P.*), 272 B.R. 554,

---

[5] *In re S. Canaan Cellular Invs., Inc.*, No. 09-10473, 2009 Bankr. LEXIS 2967, at *17 (Bankr. E.D. Pa. May 19, 2009); *see In re GVS Portfolio I B, LLC*, No. 21-10690 (CSS), 2021 Bankr. LEXIS 1513, at *21 (Bankr. D. Del. June 4, 2021) (dismissing case as a bad faith filing based on, inter alia, it being filed "to obtain a tactical litigation advantage" and a "two-party … dispute"); *In re Madera*, No. 07-17296 (DWS), 2008 Bankr. LEXIS 324, at *17 (Bankr. E.D. Pa. Feb. 7, 2008) ("where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose, bad faith exists") (internal citation and quotation omitted)

[6] *In re PEM Thistle Landing TIC 23, LLC*, No. 13-13273(KG), 2014 Bankr. LEXIS 1361, at *5 (Bankr. D. Del. Apr. 2, 2014).

10

557 (D. Del. 2002).

Here, the Chapter 7 Trustee, who has issued a final report but has worked behind the scenes not to be part of this appeal, has concluded that this Debtor is not eligible to be a good-faith chapter 11 candidate. *See*, *e.g.*, Bankr. D.I. 120, 122, Conversion Order at 11 ("the Debtor's Schedule and Statement reflect that NLG has no funds or any source of income. After investigation, the Trustee determined that NLG does not have property available for distribution to creditors and declared this chapter 7 case a "no asset" case. The Trustee's findings are uncontested. Further, during this chapter 7 case the Debtor has experienced continuing loss having incurred an administrative expense claim for legal fees that it cannot pay."). And while the Trustee took no position to the Motion to Convert, SELECTIVE(540)000119, he did point out that in order for a chapter 11 plan to be confirmed in the Bankruptcy Case, he would first need to be paid approximately $190,000 in administrative expense claims. SELECTIVE(540)000118-19. Given that the Debtor has no assets, a chapter 11 plan would be stillborn.

Appellant has not put forth any evidence to the contrary or contested any of the Bankruptcy Court's or Trustee's findings. Consequently, the Bankruptcy Court's Conversion Order must be upheld.

Even though Appellant did not invoke section 706(b), which allows a party in interest to seek conversion, the Bankruptcy Court nevertheless undertook a detailed

11

analysis of the required standard for conversion. Conversion Order at 8-9. The analysis is the same as that conducted by the Court under section 706(a). For the same reasons, the Bankruptcy Court's Conversion Order must be upheld.

## II. APPELLANT FAILED TO RAISE ANY GROUNDS FOR THE BANKRUPTCY COURT TO RECONSIDER ITS DENIAL OF THE CONVERSION MOTION AND THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DENYING IT

Appellant, besides having appealed the Court's Order Denying Motion to Reconsider, does not provide any reasons why it is on appeal; in fact, Appellant does not even mention the Order Denying Motion to Reconsider in his Opening Brief, nor does he include it in its appendix.

In the Motion for Rehearing, Appellant simply contends that the Court erred in entering it because (a) it somehow "missed" a $500,000 line-item of the Debtor's schedule of assets; (b) Appellant had offered to pay certain of the Debtor's creditors (presumably suggesting this would impact the Debtor's administrative insolvency); and (c) the Debtor is in the business of litigating. D.I. 24 at p. 4; SELECTIVE(540)000084. The Bankruptcy Court summarily rejected these grounds, pointing out that the Trustee had, subsequent to the filing of the schedules, come to conclude, after a thorough investigation, that neither the $500,000 nor the ongoing litigation were an asset of the Debtor's estate. Order Denying Motion to Reconsider at 10-12.

12

The Conversion Order was properly entered, and there is no legal or factual basis for revisiting or overturning it.

### III. THE BANKRUPTCY COURT DID NOT ERR IN NOT DISMISSING THE BANKRUPTCY CASE

Appellant contends the question whether the Bankruptcy Court should have dismissed the Bankruptcy Case is an issue for this Court to consider on appeal. It is not. Appellant failed to seek this relief in the Bankruptcy Court and, therefore, the court below did not weigh in on this issue and there is nothing for this Court to review on appeal. *See Brown v. Certain Underwriters at Lloyds*, 777 F. App'x 34, 36 (3d Cir. 2019) ("we have consistently held that we will not consider issues that are raised for the first time on appeal. When a party does not raise an argument in district court, that failure constitutes a waiver of the argument. Failure to respond to a motion is tantamount to not raising an argument, making the argument unavailable on appeal.") (internal quotations and citations omitted. Appellant's conclusory assertion in the Opening Brief that "[a]lternatively, the Court should have dismissed the case" does not cure this defect nor does it provide any facts or legal theories for Answering Appellees to respond to or for the Court to consider. Accordingly, this "issue" should be struck from the record.

## **CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that the Conversion Order be upheld.

Respectfully submitted,

Dated: May 2, 2024
Wilmington, Delaware

**KLEIN LLC**

*/s/ Julia Klein*
Julia B. Klein (DE 5198)
225 W. 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

*Counsel for Answering Appellants*